■ In the Matter of the Probate of the Will of MARGARET G. YATES, Deceased. FREDERICK Y. BORDEN, as Executor of MARGARET G. YATES, Deceased, Appellant; WINCHELL G. YATES et al., Respondents.— Appeal from a decree of the Ulster County Surrogate which denied probate of decedent's alleged will after a trial before a jury on framed issues. The jury found that at the time of the execution of the papers offered for probate that the alleged testatrix was not of sound mind and memory, and the execution of such paper was procured by fraud, deceit and undue influence. The Surrogate set aside the jury's answers to the questions propounded as to these matters, and correctly so we believe. The proof, as we read the record, was insufficient as a matter of fact and law to sustain a determination that the alleged testatrix was of unsound mind, or that she was subject to fraud and undue influence. Two questions relating to the acknowledgment and attestation of the alleged will were also submitted to the jury — in substance whether the will was properly declared and acknowledged by the testatrix, and whether the attesting witnesses signed their names at her request. The jury answered both of these questions in the negative and unfavorably to the proponent. The Surrogate denied a motion to set aside these answers and denied probate of the alleged will. The case presented, so far as the execution of the alleged will is concerned, close questions of fact, but questions peculiarly for the jury we think. Decedent was a feeble old lady, past 84 years of age and in a hospital suffering from the effects of a heart attack at the time she signed the purported will. She was in an oxygen tent a great deal of the time. The testimony of two nurses who witnessed the instrument was somewhat inconsistent and contradictory as to just how the will was executed. Evidently decedent said nothing during the execution of the will but is said to have nodded her head, but the testimony of one attesting witness was contradictory on the latter averment. There is no proof as to how or by whom the will was drawn. Taking all the circumstances together they present unsatisfactory proof as to due execution in conformity with statutory requirements. The Surrogate's charge to the jury was clear and explicit, and to which no exceptions were taken. We find no reasonable basis for setting

aside' the jury's negative answer as to due execution on the ground they are against the weight of evidence. Decree denying probate unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.